UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOSEPH LUND, | \* |
| | \* |
| Plaintiff | \* |
| v. | \* |
| | \* |
| DANIEL HENDERSON, JOHN WALCEK, | \* |
| THOMAS JOYCE, in his capacity as CHIEF OF | \* |
| WAREHAM POLICE DEPARTMENT, and | \* |
| THE TOWN OF WAREHAM, | \* |
| | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 1938 against Police Officer Daniel Henderson, Police Sergeant John Walcek, Chief of Police Thomas Joyce and the Town of Wareham for civil rights violations and common law torts, arising out of the unlawful assault and battery, arrest, detention and prosecution of the plaintiff without probable cause on August 22, 2008 by Wareham Police Officer Henderson.  Defendant Officers Henderson and Walcek violated the state and federal civil rights of the plaintiff by stopping, harassing and arresting the plaintiff without probable cause, by denying the plaintiff his Miranda rights, by maliciously prosecuting the plaintiff without probable cause, and by otherwise tortuously injuring the plaintiff.

The claim against the Town of Wareham and Chief of Police arises from their negligence and failure to train, supervise and discipline defendant Henderson adequately, thereby giving him the message that he could misuse his authority as a police officer, and that such conduct would be tolerated or ignored.

## PARTIES

1.  Plaintiff, Joseph Lund, at all times relevant hereto, was an individual with a usual residence in Onset, Plymouth County, Massachusetts.  The plaintiff is a citizen and resident of the United States and the Commonwealth of Massachusetts and entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2.  Defendant Town of Wareham is a municipality located in the Count of Plymouth, Commonwealth of Massachusetts, and is the employer of defendant Henderson.  The defendant Town of Wareham includes the village of Onset, Massachusetts.

3.  Defendant Thomas Joyce, was at all times relevant hereto the duly appointed Chief of Police of the Town of Wareham Police Department acting under color of law, and is named in his individual and official capacities.

4.  Defendants Daniel Henderson and John Walcek were at all times relevant hereto a duly appointed and acting officer of the Wareham Police Department and is named in his individual and official capacities.

## STATEMENTS OF FACTS

5.  On August 22, 2008, plaintiff Joseph Lund was across the street from the Onset Village Market, on Onset Avenue, in Wareham, Massachusetts, when he noticed a loud confrontation between a man and a woman, as well as a rowdy group of ten to fifteen teenagers, in front of the Onset Village Market.

6.  Defendant Wareham Police Officers Henderson and Walcek arrived at the scene.  A melee immediately broke out.  Plaintiff witnessed defendant Henderson grabbed thirteen year old Dominick Alves, tased him and arrested him.

-2-

7.  Terrell Alves, the brother of Dominick Alves, walked across the street and confronted the plaintiff.

8.  Without any reason, certainly without probable cause, defendant Henderson suddenly grabbed the plaintiff from behind and handcuffed the plaintiff.

9.  Plaintiff, unaware of why he was being arrested, protested his arrest.

10.  Defendant Henderson threatened, assaulted and battered the plaintiff before forcefully putting him into the backseat of the police cruiser.  Defendant Henderson did not further speak to the plaintiff, tell him the reason for his arrest or read him his rights.

11.  Defendant later charged plaintiff with disorderly conduct.

12.  The charges against the plaintiff were brought without probable cause, with malice and with the intent on the part of the defendant officer to cover up his wrongful abuse of the thirteen year old boy, because plaintiff had witnessed this unconstitutional abuse.

13.  Defendant Henderson perpetrated the above described wrongful arrest and assault on plaintiff Lund while in the scope of his employment as a Wareham police officer, under color of law, and by use of threats and force.

14.  Defendant Walcek acted as an accomplice and co-conspirators to the above described wrongful arrest and assault on plaintiff Lund while in the scope of his employment as a Wareham police sergeant, under color of law, by being present during the wrongful arrest and doing nothing to stop defendant Henderson, and by filing the police report at the police station.

## STATEMENT OF CLAIMS

## COUNT I

## FALSE ARREST AND FALSE IMPRISONMENT

15.  Plaintiff repeats and realleges each of the preceding paragraphs.

16.  Defendants Henderson and Walcek falsely arrested and imprisoned the plaintiff.

17.  As a direct and proximate result of the acts of defendant Henderson, plaintiff Joseph Lund was deprived of his liberty, suffered physical injury, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT II

## ASSAULT AND BATTERY

18.  Plaintiff repeats and realleges each of the preceding paragraphs.

19.  Defendant Henderson placed his hands, without consent, upon plaintiff Lund and otherwise assaulted and battered plaintiff Lund in Wareham, Massachusetts on August 22, 2008.

20.  As a direct and proximate result of the acts of the defendant, the plaintiff suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21.  Plaintiff repeats and realleges each of the preceding paragraphs.

22.  Defendant Henderson's and Walcek's conduct, particularly to the extent that it was done to intimidate a witness to wrongful police abuse, as set forth above, was outrageous beyond all bounds of human decency and beyond that which a civilized society would tolerate, and the

defendant knew or should have known that said conduct was likely to inflict severe emotional distress upon the plaintiff.

23.  Plaintiff Lund, in fact, suffered severe physical manifestations of mental and emotional distress and other damages as a result of the outrageous conduct of defendants Henderson and Walcek.

## COUNT IV

### VIOLATION OF 42 U.S.C §1983

24.  Plaintiff repeats and realleges each of the preceding paragraphs.

25.  Defendants Henderson and Walcek in performing the above intentional torts, violated plaintiff's federal civil rights, including but not limited to the right against unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable cause, and the right to security of the person, causing damage for which the plaintiff is entitled to recover.

26.  As a direct and proximate result of the acts of the defendants, the plaintiff suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT V

### VIOLATION OF CIVIL RIGHTS UNDER M.C.R.A., ch. 12 § 11I

27.  Plaintiff repeats and realleges each of the preceding paragraphs.

28.  By assaulting, battering, detaining and falsely imprisoning plaintiff Lund, defendants Henderson and Walcek, violated the civil rights of plaintiff Lund, as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the

right to be free from unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable cause, and the right to security of the person, causing damage for which the plaintiff is entitled to recover.

29.  Said conduct by defendants Henderson and Walcek violated plaintiff Lund's civil rights by threats, intimidation and coercion.

30.  As a direct and proximate result of the acts of the defendants, the plaintiff suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered other damages.

<u>COUNT VI</u>

<u>MALICIOUS PROSECUTION</u>

31.  Plaintiff repeats and realleges each of the preceding paragraphs.

32.  Defendant Henderson swore out a criminal complaint and sought prosecution of plaintiff Lund in the above referenced criminal action without probable cause, with malice and to protect his own criminal actions, referenced above.

33.  Said malicious prosecution, by the defendant, caused plaintiff Lund severe damage, including but not limited to personal injuries, economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation, loss of standing in the community, emotional distress and other damages.

<u>COUNT VII</u>

<u>ABUSE OF PROCESS</u>

34.  Plaintiff repeats and realleges each of the preceding paragraphs.

35.  By instituting the criminal prosecution of the plaintiff based on the wrongful arrest of August 22, 2008, defendants Henderson and Walcek employed legal process for a purpose for which it was intended to cover up the wrongful and outrageous stop and arrest of plaintiff Lund and to discourage Mr. Lund from seeking redress or accusing defendant Henderson of criminal action.

36.  Said abuse of process by the defendants caused plaintiff Lund severe damage, including but not limited to personal injuries, economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation, loss of standing in the community, emotional distress and other damages.

<u>COUNT VIII</u>

<u>NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS</u>

37.  Plaintiff Lund repeats and realleges each of the preceding paragraphs.

38.  The defendants, Town of Wareham and Chief of Police Thomas Joyce, owed a duty of reasonable care to the plaintiff and to all citizens who enter the limits of the municipality of Wareham to train and supervise its police officers properly and reasonably.  As a part of this duty, the defendants have a duty to investigate Town of Wareham Police Officers accused of misconduct.

39.  These defendants breached their duty by failing to train and supervise defendants Henderson and Walcek properly.  This failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of police authority, such as the abuse by defendant Henderson.  These procedures include the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Wareham Police

Officers, which failure delivered a message to the individual defendant Police officer herein that there would be no departmental sanctions for engaging in misconduct.

40.  This breach of duty by the defendant Town of Wareham and its defendant police chief proximately caused the plaintiff injury and damage, including physical damage, great emotional distress, monetary damages and other damages.

COUNT IX

VIOLATION OF CIVIL RIGHTS – MUNICIPAL DEFENDANT

41.  Plaintiff Lund repeats and realleges each of the preceding paragraphs.

42.  The defendants Town of Wareham and its chief, defendant Joyce, maintained a policy, custom or practice of failing to train and supervise its police officers properly and reasonably.  Defendants Town of Wareham and Chief Joyce also maintained a policy or custom of failing to  investigate Town of Wareham Police Officers accused of misconduct adequately.

43.  These policies and customs evidenced a deliberate indifference on the part of the defendant Town and the defendant Chief of Police to the Constitutional rights of Ms. Lund and to all persons present in the Town of Wareham.  These policies and customs specifically include the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Wareham Police officers.  These failures delivered a message to the individual defendant Police officers herein, including the defendant Henderson, that there would be no departmental sanctions for engaging in misconduct.

44.  This official policy or custom proximately caused plaintiff Lund injury and damage, including physical damage, great emotional distress, monetary damages and other damages.

-8-

WHEREFORE, the plaintiff requests that this court grant him judgment, jointly and severally against each of the defendants, in such amount as is reasonable and just, plus such costs, attorneys fees, punitive damages and interest as he is entitled by law.

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

Respectfully submitted,
Plaintiff by his counsel,

Date: August 8, 2011

/s/ Andrew M. Fischer
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
afischer@jasonandfischer.com

lund\complaint