United States District Court
District of Massachusetts

|  |  |
|---|---|
| JOSEPH LUND, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL HENDERSON, JOHN WALCEK, THOMAS JOYCE, in his capacity as Chief of Wareham Police Department, and TOWN OF WAREHAM, <br><br> Defendants. | Civil Action No. 11-11413-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Joseph Lund filed this civil rights and tort action against the Town of Wareham ("the Town"), its former Chief of Police Thomas Joyce, Wareham Police Lieutenant John Walcek and Wareham Police Officer Daniel Henderson in August, 2011. In July, 2014, a federal civil jury found that the individual defendants were not liable under any of the counts alleged in the Complaint.

Defendants have since moved to dismiss the remaining counts of the Complaint which assert claims against the municipal defendants. Plaintiff opposes that motion and has moved to amend his Complaint to add a claim of negligence against the municipal defendants. For the reasons that follow, the

-1-

defendants' motion will be allowed and the plaintiff's motion will be denied.

**I.   Background**

Plaintiff filed his nine-count Complaint in August, 2011. The Complaint alleged generally that, on August 22, 2008, plaintiff was arrested without probable cause and by use of excessive force by one of the individual police officers during an altercation between the police and a group of unruly teenagers in the Onset Village section of Wareham.  Counts I through VII were directed at one or both of the individual defendants.  Count VIII alleged that the municipal defendants owed a duty of reasonable care to the plaintiff to train and supervise its police officers properly and reasonably and that they breached that duty by failing implement certain procedures and properly supervise its officers despite knowledge of prior incidents of misconduct. Count IX alleged that the municipal defendants had an unconstitutional policy, custom or practice of failing to train and supervise its police officers properly that evidenced a deliberate indifference towards the rights of citizens of Wareham.

In May, 2014, the Court accepted and adopted the Report of Recommendation of Magistrate Judge Robert Collings to allow, in part, and deny, in part, the defendants' motion for summary judgment and dismissed three of the claims against of the

individual defendants.  Shortly thereafter defendants moved to bifurcate the trials on individual and municipal liability.  The Court initially denied the motion but, upon further consideration, determined that bifurcation was necessary to avoid significant prejudice to Officer Henderson because plaintiff's Monell theory was premised upon a pattern of misconduct by that officer.

Following a three day trial, the jury found that the individual defendants were not liable for any of the constitutional violations or intentional torts alleged against them, including a claim of assault and battery under Massachusetts law.

## II.  Pending Motions

Defendants move to dismiss the remaining counts against the municipal defendants on the grounds that, because the individual defendants were found not liable, plaintiff cannot prove that a policy or practice of the municipal defendants caused him to be deprived of a right protected by the Constitution and laws of the United States. See City of L.A. v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."). Although defendants do not address the law with respect to

-3-

claims of municipal liability arising under state tort law, a similar rule applies: Massachusetts courts have not allowed supervisory negligence claims to proceed unless the municipality knew or should have known of a tort that was committed by one of its agents. See Kennedy v. Billerica, 617 F.3d 520, 532-33 (1st Cir. 2010).

Plaintiff concedes that the Monell claim cannot proceed but seeks to amend his Complaint to add a claim of negligence against the Town under M.G.L. ch. 258, § 2 to "conform to the evidence at trial." He asserts that, even if the evidence did not support his claim that the force used to effect his arrest was constitutionally excessive, it supports a finding that Officer Walcek negligently caused plaintiff's injuries because there was no evidence of any other cause.

Plaintiff's motion will be denied because 1) he provides no good reason for his three-year delay in seeking leave to amend, 2) his theory of negligence is barred by M.G.L. ch. 258 § 10 and 3) there was insufficient evidence of negligence at trial.

First, although amendment of pleadings under Fed. R. Civ. P. 15(b) has been construed liberally, amendment is not warranted if it would be futile or reward undue or intended delay. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). The movant has the burden of showing a "valid reason for his neglect and delay" in seeking to amend when

"considerable time has elapsed between the filing of the complaint and the motion to amend." Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983). Here, plaintiff offers no justification for waiting three years to seek leave to add a respondeat superior claim against the Town based upon alleged negligence by Officer Walcek during the arrest. Instead, he chose to proceed on his intentional tort claims against the individual defendants and to plead only negligent supervision against the municipal defendants. He now moves to amend his pleadings only after that strategy proved unsuccessful. His evident dissatisfaction with the verdict on the assault and battery claims does not excuse the undue delay.

Second, his respondeat superior claim is barred by the rule that public employers are immune from "any claim arising out of an intentional tort" committed by a public employee, including assault and battery. M.G.L. ch. 258, § 10(c). The Supreme Judicial Court has construed that provision "narrowly" to allow claims that are "independent" of the intentional tort to proceed. Doe v. Town of Blandford, 525 N.E.2d 403, 407-08 (Mass. 1988). Plaintiff's respondeat superior claim is not "independent", however, because it is premised upon the same conduct as his assault and battery claim against the individual defendants. Notwithstanding the fact that he now alleges negligence, his claim "arises out of" what he pled and has

maintained was an intentional tort and therefore does not involve "independent" conduct that would bring his claim outside of § 10(c). See Titus v. Town of Nantucket, 840 F. Supp. 2d 404, 411 (D. Mass. 2011) (entering summary judgment for defendants under § 10(c) where plaintiff did not allege any independent negligent conduct and instead sought to hold town directly liable for assault and battery by its police officers).

Third, even if plaintiff had cause for his delay and had a viable claim of respondeat superior liability, there was insufficient evidence at trial to support a claim of negligence based upon the conduct of Lieutenant Walcek.  Plaintiff testified about wrist pain after his arrest and shoulder pain that began later.  He presented emergency room records that indicated that his right wrist was tender and bruised on the day after the arrest but that evidence is consistent with the testimony by Lieutenant Walcek that minor bruising is common even when handcuffs are used properly.  Plaintiff did not begin to complain of left shoulder pain until weeks after the arrest and no physician testified that the subject pain was related to his arrest.

## ORDER

For the foregoing reasons,

1) defendants' Motion to Dismiss Claims Against Municipal Defendants Town of Wareham and Former Chief of Police Thomas Joyce (Docket No. 152) is **ALLOWED**;

2) plaintiff's Motion to Amend Complaint to Conform to Evidence (Docket No. 158) is **DENIED**; and

3) judgment is entered in favor of defendants on all counts and the case is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 12, 2014